# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | |
| TIM DAVID GREGORY, Debtor. | Case Number: 11-07081<br>Chapter 7<br>Hon. George C. Paine, II |
| TIM DAVID GREGORY<br>HEATHER P. GREGORY<br>   Plaintiffs | |
| v. | Adversary Number:11-0465A |
| RHO MOBILI D'EPOCHA<br>   Defendant. | |

## MEMORANDUM

This matter is before the court on Rho Mobili D'Epocha's (hereinafter "defendant") Motion for Remand of an action styled *Rho Mobili D'Epoca v. Tim David Gregory, Heather P. Gregory, individually and d/b/a The Gallery of Belle Meade*, 10-1502-II, *Chancery Court for Davidson County* removed by Tim Gregory (hereinafter "debtor") to the United States Bankruptcy Court for the Middle District of Tennessee.[1] The debtor opposes remand. For the reasons more fully contained herein, the court grants the motion for abstention.

---

[1] The court construes the defendant's motion for remand as a motion for abstention pursuant to 28 U.S.C. § 1134. Title 28, Section 1334(c) of the United States Code is the statutory standard when evaluating a motion to abstain in the context of adversary proceedings. Pursuant to that section, courts have broad discretion to abstain from hearing claims arising under Title 11, or arising in or related to a case under Title 11, whenever appropriate "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).

On September 14, 2010, the defendant filed a state court action against the Gregorys in their individual capacity and doing business as the "The Gallery of Belle Meade." The defendant is an Italian corporation in the business of manufacturing and selling fine furniture. Since 1999, the defendant sold the Gallery of Belle Meade furniture to sell in their store. The complaint alleges the debtor and his wife owe the defendants the dollar equivalent of 500,000 euro plus $1,000,000.00 in punitive damages based on Tennessee state law claims of breach of contract, quantum meruit, fraud, drawer liability, and fraudulent conveyance. The debtor, but not his wife, filed bankruptcy on July 20, 2011. On August 23, 2011 the debtor removed the entire action to bankruptcy court pursuant to 28 U.S.C. § 1452 alleging that the matters involved are core proceedings.

Depending upon the legal and factual circumstances, a bankruptcy court either must abstain from hearing a state-law claim (mandatory abstention), 28 U.S.C. § 1334(c)(2), or may abstain (permissive abstention), 28 U.S.C. § 1334(c)(1). The mandatory abstention provision states as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under [the Bankruptcy Code] but not arising under [the Bankruptcy Code] or arising in a case under [the Bankruptcy Code], with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

**11 U.S.C. § 1334**. Interpreting this provision, this court held in **In re Dow Corning Corp.**, 86 F.3d 482, 497 (6th Cir.1996), that

> [f]or mandatory abstention to apply, a proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding.

**In re Lowenbraun** 453 F.3d 314, 320 (6th Cir. 2006). Section 1334(c)(1) allows a court to voluntarily abstain in the "interest of justice" or "the interest of comity with State courts or respect for State law." Voluntary, or permissive, abstention is available in both core and

non-core proceedings. **See In re Underwood**, 299 B.R. 471, 476 (Bankr. S.D.Ohio 2003). Although abstention from the exercise of federal jurisdiction is the exception rather than the rule, the decision to do so is "in the sound discretion of the bankruptcy judge and can be raised sua sponte as long as the parties have an opportunity to be heard." **Id**. When deciding whether to voluntarily abstain, courts have used an non-exclusive list of factors. Those factors, and the applicability of the same in this case, follow:

(1)  the effect or lack of effect on the efficient administration of the estate if the court abstains; (in this case, little effect.)

(2)  the extent to which state law issues predominate over bankruptcy issues; (possibly exclusively state law issues exist in this case.)

(3)  the difficulty or unsettled nature of the applicable state law; (the actions raised appear to be garden variety tort and contract issues dealt with in the state courts on a daily basis.)

(4)  the presence of a related proceeding commenced in state court or other non-bankruptcy court; (state law proceeding was pending)

(5)  the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (There is no independent jurisdictional basis. The trustee's actions are not in any way fettered, and the trustee's rights are not in any way prejudiced, and it is just as if in any other case, the state law claims were pending when the bankruptcy was filed.);

(6)  the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (the deadline for challenging dischargeability has passed, and the defendant has not filed a claim in the debtor's case.).

(7)  the substance rather than the form of an asserted "core" proceeding; (This is not a factor in this case.)

(8)  the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (All claims relate to the same basic set of facts, and the state court litigation is stayed as to the debtor in state court. All claims are based on state law and there is no consideration needed of severability of claims.)

(9)  the burden of this court's docket; (This is not a factor in this case.)

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (This is not a factor that the court is aware of in this case.)

(11) the existence of a right to a jury trial; (This is not an issue raised in this case.)

(12) the presence in the proceeding of nondebtor parties; and (the debtor's wife is a non-debtor.)

(13) any unusual or other significant factors. (None).

**Id**.; **see also Tremaine**, 188 B.R. at 384-85; **Nationwide Roofing & Sheet Metal v. Cincinnati Ins. Co. (In re Nationwide Roofing & Sheet Metal, Inc.)**, 130 B.R. 768, 780 (Bankr. S.D.Ohio 1991); **In re Refrigerant Reclamation Corp. of America**, 186 B.R. 78, 84 (Bankr. M.D. Tenn. 1995). These factors are not exclusive and the decision to voluntarily abstain is ultimately one that should be balanced using a court's equitable discretion. **See Underwood**, 299 B.R. at 476. **In re Dayton Title Agency, Inc**., 304 B.R. 323 (Bankr. S.D. Ohio 2004).

The court finds no basis to keep this adversary proceeding in bankruptcy court. First, all claims are based on state law causes of action and are not at all dependent upon bankruptcy. The trustee is free to pursue any fraudulent conveyance claims in bankruptcy just like he could in the thousands of other cases that are filed with state court lawsuits already pending that allege a fraudulent conveyance. This court may be compelled to mandatorily abstain.

Secondly, stay relief has been denied to the defendant, and the state court action is halted as to the debtor. The debtor has not counter-sued, and all actions including discovery, are stayed as to him.[2] Third, the time for objecting to the debtor's discharge

---

[2] Although there is some disagreement as to whether a debtor with a co-defendant not protected by the automatic stay should be forced to participate in discovery as it relates to the co-defendant, the court finds, in this instance, all discovery directed to the debtor, even if it only relates to the co-defendant's case, is halted by the automatic stay to protect the debtor's fresh start. **But see**, **In re Richard B. Vance & Co.,** 289 B.R. 692 (Bankr. C.D. Ill. 2003) (discovery pertaining to claims against the bankrupt's codefendants is not stayed, even if the discovery requires a response from the debtor, and even if the information discovered could later be used against the debtor). **In re Miller**, 262 B.R. 499 (9th Cir. BAP 2001); **In re Hillsborough Holdings Corp**., 130 B.R. 603 (Bankr.

4-U.S. Bankruptcy Court, M.D. Tenn.

has passed, and the defendant did not file an action seeking to deny this debtor's discharge. The discharge order was entered in the debtor's case on October 17, 2011. Therefore, any judgment against him is discharged and has no effect upon the administration of the chapter 7 case. How the trustee decides to proceed on any fraudulent conveyance action is irrelevant to where the creditor's case against the debtor is pending. The only issues for trial, therefore, involve a non-debtor on state law claims.[3] Fourth, the defendants have not filed a proof of claim in this chapter 7 case, and the debtor has not asserted a claim against the defendant. The dealings between the parties revolve exclusively around state law claims, and this court finds no meaningful connection to the administration of the debtor's chapter 7 case.

Accordingly, the court GRANTS the defendant's motion to remand the case to state court.[4] The automatic stay remains in effect as to the debtor, including any discovery directed to the debtor involving his co-defendant's case. The court instructs counsel for the defendant to prepare an order not inconsistent with this court's Memorandum within fourteen (14) days of entry of the Memorandum.

---

M.D.Fla.1991); **contra In re Manown**, 213 B.R. 441 (Bankr. N.D. Ga. 1997) ("Discovery is considered part of the "continuation" of a proceeding and is, therefore, subject to the automatic stay.").

[3] The court is aware of the trustee's concerns about potential fraudulent conveyance actions against the non-debtor wife being pursued in state court. However, if and when the trustee decides to file suit, he is free at that time to take any actions necessary to include the wife. No part of the court's ruling prejudices or ties the hands of the trustee's rights in any way.

[4] Again, the court treats the motion for remand as a motion for abstention.